**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 98 C 3548** |
| ) | |
| **ONE 1997 E35 FORD VAN,** ) | **Wayne R. Andersen** |
| **VIN:1FBJS31L3VHB70844, et al.,** ) | **District Judge** |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM OPINION</u>**

The United States commenced this civil forfeiture action more than eleven years ago on

June 9, 1998 when it filed a verified complaint seeking forfeiture of certain property of the

Quranic Literacy Institute ("QLI").  Based on the complaint, the government seized funds from

accounts that QLI maintained at First National Bank of Chicago, Midland Federal Savings &

Loan and First National Bank of Evergreen Park in amounts totaling approximately

$1,015,339.22.  Additionally, the government seized a 1997 E35 Ford Van purchased by QLI.

All of the foregoing assets are referred to collectively hereinafter as the "Seized QLI Assets."

In addition to the instant forfeiture action, the Seized QLI Assets were the subject of

separate civil action entitled *Stanley Boim, Individually and as Administrator of the Estate of*

*David Boim, deceased , and Joyce Boim v. Quranic Literacy Institute*, Case No. 00 C 2905. In

that action, Stanley Boim, individually and as the Administrator of the Estate of David Boim,

and Joyce Boim (the "Boims") won a civil judgment against QLI, Mohammed Salah, and other

defendants in the amount of $156,000,000. The United States was not a party to this civil action.

Having won a civil judgment against QLI, the Boims sought to execute their judgment against the Seized QLI Assets in the event that the United States dismissed its forfeiture action or was otherwise unsuccessful in the matter.  On April 24, 2006, Magistrate Judge Arlander Keys entered a turnover order in the Boim's civil case against QLI (the "Turnover Order").  *See Boim v. Quranic Literacy Institute*, Case No. 00 C 2905, 4/24/2006 Order [Docket #805]. The Turnover Order stated that the Boims had "perfected a lien upon the assets of the [QLI] which are currently subject to civil forfeiture pursuant to [the instant civil forfeiture action] second to the Federal Government." *Id.* The Turnover Order further provided that "QLI shall turn over all such funds to plaintiffs in the event of the entry of any order by the [this court] dismissing the Forfeiture Action." *Id.* On January 30, 2009, recognizing that the United States government had possession of the Seized QLI Assets, Judge Key's Turnover Order was supplemented and specifically directed the Department of Justice and the U.S. Marshals Service to turn over the Seized QLI Assets to the Boims in the event that the instant civil forfeiture action was dismissed. *See Boim v. Quranic Literacy Institute*, Case No. 00 C 2905, 1/30/2009 Order [Docket # 839].

On December 1, 2009, pursuant to Federal Rule 41(a)(1), the United States filed a stipulated motion to dismiss its civil forfeiture action against the Seized QLI Assets.  The motion contemplated that, upon dismissal, the Seized QLI Assets would be transferred by the United States to the Boims, consistent with the order of Magistrate Judge Keys.  Turnover of the Seized QLI Assets to anyone other than the Boims upon dismissal of this case would be in direct contravention of Magistrate Judge Keys' Turnover Order.

On December 11, 2009, Yassin Kadi filed a Claim of Interest in this forfeiture action. On the same day, Kadi also filed an objection to the government's agreed motion to dismiss the civil

forfeiture action against the Seized QLI Assets.  In his objection, Kadi asserts that he loaned $820,000 to QLI in July 1991, almost seven years before this forfeiture case was initiated Notably, Kadi did not assert that he had a security interest in any of the Seized QLI Assets, that he was a signatory on any of the seized QLI bank accounts, nor that he had taken any steps in the prior 18 plus years to collect the alleged $820,000 debt from QLI.

In his objection, Kadi states that his counsel met with Assistant United States Attorney Joseph Ferguson more than six years ago in Washington D.C. about the Seized QLI Assets. However, Kadi did not state in the objection why he had not filed a claim in this case prior to the meeting, nor did Kadi claim that he did not have prior actual notice of this proceeding.  Rather, Kadi's objection contains an unsworn allegation that Kadi did not file a claim subsequent to the meeting because of certain statements he alleges were made by the government requesting that he not take any action.  We now must determine whether the Claim of Interest filed by Mr. Kadi can have any effect on the adjudication of the this case, specifically whether the agreed motion to dismiss filed the parties should be granted.

Federal Rule 41(a)(1)(A)(ii) provides, with certain exceptions that are not applicable here, that "the plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." A voluntary dismissal that satisfies the requirements of Rule 41(a)(1)(A) is effective upon filing and divests the court of authority to impose conditions or exercise discretion.  *In re Matthews*, 395 F.3d 477 (4th Cir. 2005) ("Once the United States voluntarily dismissed its forfeiture action [pursuant to Rule 41(a)(1)(A)(i)], all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case."); *Jenkins v. Village of Maywood*, 506 F.3d 622,

624 (7th Cir. 2007) (observing that court's dismissal order "was superfluous because under Rule 41(a), the [stipulated] dismissal was effective immediately upon the filing of the Stipulation"); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under Rule 41(a)(1)(A)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court."); *In re Wolf*, 842 F.2d 464, 470 (D.C.Cir. 1988) ("Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.") (quoting *Gardiner v. A.H. Robbins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984)).

The fact that the stipulated agreement to dismiss was captioned as a motion rather than a notice has no bearing on its effectiveness in immediately dismissing the case.  In *Smith v. Potter*, a case involving a voluntary dismissal prior to the filing of an answer under Rule 41(a)(1)(A)(i), the Seventh Circuit held that the district court was not authorized to enter an order dismissing a suit with prejudice after the plaintiff had filed a "miscaptioned motion" to voluntarily dismiss the case without prejudice.  513 F.3d 781, 782 (7th Cir.2008).  The Seventh Circuit observed that the judge's order dismissing the case with prejudice was improper because the "miscaptioned motion itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take."  *Id.  See also Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 n.3 (Fed. Cir. 2009) ("*Smith* stands for the principal that when the requirements of Rule 41(a)(1)(A) are met, the form in which the dismissal is presented is not controlling."); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (holding that plaintiff's dismissal under Rule 41(a)(1) was effective upon filing, and the fact that "it was styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal' [was] a distinction without a difference").

4

Once the agreement between the United States and QLI (the only remaining party who had made an appearance in this case) was filed, it became effective under the stipulated terms immediately upon filing. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). That the parties chose to style the dismissal as a motion with an order to effectuate its terms does not alter its character as a final disposition of the case which the court must enter as the parties agreed.

Because the stipulated dismissal of this action conformed with Federal Rule 41(a)(1)(A)(ii), it was effective upon filing. Therefore, this court does not have the authority to give any effect to Kadi's objection. Because we have concluded that we do not have the authority to consider Kadi's objection, we also decline to rule on the Boim's motion to intervene.

For all of the reasons set forth in the court's Memorandum Opinion, this matter is dismissed pursuant to the agreed motion to dismiss certain defendant assets. The court enters herewith the Agreed Order Dismissing Certain Defendant Asserts. All pending motions are denied as moot.

It is so ordered.

_____
Wayne R. Andersen
United States District Court


Dated: March 22, 2010